FILED - GR
July 9, 2009 2:32 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald /

Q/C

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY C. KROLL,

    Plaintiff,

vs.

    Civil Action No.:

    HON.

**1:09-cv-626**
**Gordon J Quist**
**U.S. District Judge**

WHITE LAKE AMBULANCE
AUTHORITY,

    Defendant.

Bradley K. Glazier (P35523)
BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814

Muskegon County

## COMPLAINT AND JURY DEMAND

Plaintiff, Emily C. Kroll, by her counsel, Bos & Glazier, P.L.C., states as follows as her complaint against defendant White Lake Ambulance Authority.

### JURISDICTION AND VENUE ALLEGATIONS

1.     This is an action brought for defendant's violations of the Americans with Disabilities Act ("ADA") and the sex discrimination provisions included in Title VII of the Civil Rights Act of 1964 ("Title VII").

2.     Plaintiff, Emily C. Kroll, is a 32 year old woman who lives in Whitehall,

Michigan. Plaintiff is a former "employee" of defendant as defined in the ADA, 42 U.S.C. § 12111(4) and Title VII, 42 U.S.C. § 2000e)(f).

3. Defendant, White Lake Ambulance Authority, ("WLAA"), was plaintiff's employer. Defendant is a "covered entity" as defined in the ADA, 42 U.S.C. § 12111(2) and a regulated "employer" as defined in the ADA, 42 U.S.C. § 12111(5) and Title VII, 42 U.S.C. § 2000e(b).

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1341.

5. Venue is appropriate in this Court as the events giving rise to this cause of action occurred with the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Plaintiff was hired by defendant WLAA in September, 2003 and worked as an Emergency Medical Technician ("EMT") specialist. At the time of her termination, plaintiff reported to Brian Binns, the director of the WLAA.

7. Plaintiff at all times satisfactorily performed her job duties with defendant and received commendations for her good job performance.

8. On or about April 21, 2008, Jean Dresen, the defendant's office manager, requested that the plaintiff receive psychological counseling and expressed to plaintiff that Ms. Dresen objected to plaintiff's relationship with a married man. Defendant had previously requested another WLAA employee to undergo counseling after it became known that she was in a relationship with a married man. Ms. Dresen also informed plaintiff on April 21, 2008, that she would need to sign an authorization

to release her counseling records to defendant so that the defendant could confirm that she was attending counseling.

9. At the time, plaintiff was having a romantic relationship was with Josh Easton, another employee of defendant. Mr. Easton was not requested to seek any counseling in connection with his relationship with the plaintiff.

10. On April 28, 2008, the former director of defendant, Brian Binns, told the plaintiff that she was required to see a mental health counselor as a condition to keeping her employment. Mr. Binns advised the plaintiff's father and co-workers that she could have her job back once she completed the necessary counseling.

11. Plaintiff refused defendant's demand that she receive counseling as a condition of her employment and plaintiff was immediately discharged or constructively discharged a result of her refusal to comply with defendant's demand.

12. On or about May 30, 2008 plaintiff filed a complaint with the Michigan Department of Civil Rights ("MDCR") and the Equal Employment Opportunity Commission ("EEOC"). The complaint asserted that the defendant discriminated against the plaintiff on the basis of her sex.

13. On or about February 23, 2009, plaintiff filed a charge with the EEOC, asserting that defendant violated the ADA by making her agreement to receive psychological counseling and treatment a condition of her employment.

14. On April 14, 2009, the EEOC and MDCR issued plaintiff a right to sue letter relating to her complaints of sex discrimination under Title VII.

15. On or about June 26, 2009, the EEOC issued plaintiff a right to sue letter

relating to her complaints of discrimination under the ADA.

16. The plaintiff has filed this action, within the 90 day period permitted under Federal law, 42 U.S.C. 2000e-5(f).

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
(Defendant's Violation of the Provision Regarding
Certain Medical Examinations and Inquiries)

17. Plaintiff incorporates by reference paragraphs 1 through 16 as fully set forth herein.

18. The ADA prohibits employers from demanding that employees undergo medical examinations unless such examinations are shown to be "job related and consistent with business necessity." 42 U.S.C. § 12112(d)(4). The regulations promulgated under the ADA confirm that medical examinations and medical inquiries must be "job related and consistent with business necessity." 29 C.F.R. § 1630.14.

19. The ADA also prohibits an employer from making inquiries as to whether an employee is an individual with a disability, unless such inquiry is shown to be job related and consistent with business necessity. Id.

20. The EEOC has issued guidance on medical examinations and inquiries that expand upon the meaning of "job related." The guidance issued by the EEOC states that before a medical or psychological examination can be mandated by an employer, the employer must have a reasonable belief, based on objective evidence, that the employee will be unable to perform the essential functions of her job or that the employee will pose a direct threat. Medical or psychological inquiries must be

designed to allow the employer to determine the affects of medical or psychological conditions on the employee's ability to perform her job.

21. The EEOC guidance document is available to employers and other interested persons. See, EEOC Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees Under the Americans With Disabilities Act (July 26, 2000) ("EEOC Guidance") available at www.eeoc.gov/policies/docs/guidance/inquiries.html. See also, EEOC Compliance Manual, § 2-11(B)(8)(May 20, 1998), online at www.eeoc.gov/policies/doc/threshhold.htlm.

22. The ADA protects employees from adverse employment actions stemming from their refusal to submit to medical inquiries and/or medical or psychological exams that are prohibited by the ADA, whether or not they are "persons with a disability." See, EEOC Guidance, General Principals, Section B and *Conroy v New York State Dept of Correctional Services*, 333 F.3d 88, 94-95 (2nd Cir. 2003).

23. Defendant violated the ADA by engaging in the following conduct:

    (a) Requiring plaintiff to undergo psychological examinations, counseling and inquiries that were neither job related nor consistent with medical necessity;

    (b) Requiring plaintiff to authorize the release of her medical records relating to the proposed medical examinations to the defendant;

    (c) Compelling plaintiff, upon penalty of the loss of her job, to participate in counseling; and

    (d) Disciplining plaintiff and ultimately terminating the plaintiff or causing her constructive discharge for refusing to participate in the unlawful medical examinations and inquiries and for refusing to participate in the counseling.

24. Plaintiff was damaged as a result of defendant's violations of the ADA.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
(Retaliation for Plaintiff's Refusal to Submit to an Unlawful Examination)

25. Plaintiff incorporates by reference paragraphs 1 through 24 as fully set forth herein.

26. The ADA prohibits an employer from "discriminating against any individual because such individual has opposed any act or practice made unlawful by [the ADA]..." 42 U.S.C. § 12203(a).

27. Plaintiff engaged in protected opposition when she refused to submit the medical examination that was unlawful under the ADA.

28. Plaintiff suffered an "adverse employment action" and suffered damages when her employment was terminated or constructively terminated by defendant.

29. A causal connection exists between plaintiff's protected activity and her termination or constructive termination by defendant because defendant has acknowledged its interviews with the MDCR that plaintiff was compelled to participate in medical examinations and inquiries as a condition to her continued employment.

## COUNT III
## VIOLATION OF THE SEX DISCRIMINATION PROVISIONS OF TITLE VII

30. Plaintiff incorporates by reference paragraphs 1 through 29 as fully set forth herein.

31. Plaintiff, as a female, is within the class of employees protected against

sex discrimination by Title VII of the Civil Rights Act of 1964.

32. Defendant discriminated against the plaintiff by compelling plaintiff to undergo counseling for having an affair with a married man, while treating defendant's male employees differently and not compelling defendant's male employees who participated in a romantic relationship while married to undergo mandatory counseling.

33. Plaintiff was terminated or constructively discharged as a result of defendant's violations of Title VII.

WHEREFORE, plaintiff, Emily C. Kroll, respectfully requests this Court to enter a judgment in her favor and against defendant as follows:

A. Legal Relief

   (1) Compensatory damages in whatever amount she is found to be entitled;

   (2) Punitive damages in whatever amount she is found to be entitled;

   (3) Back pay and front pay, including the value of fringe benefits lost;

   (4) Damages for mental and emotional distress, including humiliation and embarrassment; and

   (5) An award of interest, costs and reasonable attorney fees and expert witness fees.

B. Equitable Relief

   (1) An order reinstating plaintiff to her former position with defendant;

   (2) An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

(3) An order prohibiting defendant from requiring its employees to undergo medical or psychological examinations without proof the examinations are job related and consistent with business necessity; and

(4) Whatever other equitable relief appears appropriate at the time of final judgment.

BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff

Date: July 9, 2009        By: _____
                               Bradley K. Glazier (P35523)

BUSINESS ADDRESS:
990 Monroe Avenue, N.W.
Grand Rapids, Michigan 49503
(616) 458-6814


## JURY DEMAND

Plaintiff, Emily C. Kroll, requests a trial by jury.

BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff

Date: July 9, 2009        By: _____
                               Bradley K. Glazier (P35523)

BUSINESS ADDRESS:
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814

.113593