UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY C. KROLL,

    Plaintiff,

-vs-　　　　　　　　　　　　　　　　　　Case No: 1:09cv626
　　　　　　　　　　　　　　　　　　　　Honorable Gordon J. Quist
WHITE LAKE AMBULANCE
AUTHORITY,

    Defendant.
_____/

| | |
|---|---|
| Bradley K. Glazier (P35523) | Robert A. Callahan (P47600) |
| BOS & GLAZIERS, PLC | PLUNKETT COONEY |
| Attorney for Plaintiff | Co-Counsel for Defendant |
| 990 Monroe Ave., NW | 950 Trade Centre Way, Suite 310 |
| Grand Rapids, MI 49503 | Kalamazoo, MI 49002 |
| (616) 458-6814 | (269) 382-5935 |
| | |
| | Douglas M. Hughes (P30958) |
| | WILLIAM HUGHES & COOK PLC |
| | Co-Counsel for Defendant |
| | 120 W. Apple Ave. |
| | PO Box 599 |
| | Muskegon, MI 49443 |
| | (231) 727-2119 |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    NOW COMES Defendant, WHITE LAKE AMBULANCE AUTHORITY, by and through its attorneys PLUNKETT COONEY, and pursuant to Fed. R. Civ. P. 56(c) requests an order of summary judgment dismissing Plaintiff's complaint with prejudice. In support of its motion, Defendant states as follows:

    1.    That Plaintiff has asserted a three count complaint against White Lake Ambulance Authority ("WLAA"), asserting her rights protected by the Americans with Disabilities Act ("ADA") were violated when she was required to attend counseling and therapy; that her rights

under ADA were violated when she was not permitted to work until she did attend counseling and therapy and that she was treated differently than co-employee Josh Easton, and therefore was subjected to discrimination based upon gender in violation of Title VII of the Civil Rights Act of 1964.

2. That as set forth in Defendant's brief in support of motion for summary judgment, Plaintiff's rights pursuant to ADA were not violated since she was required to go to counseling or therapy.

3. That as set forth in its brief in support of motion for summary judgment, Plaintiff was not retaliated against by WLAA for any exercise of rights under the ADA; that as set forth in the brief in support of motion for summary judgment, Plaintiff was not treated differently than anyone who was similarly situated to her, and accordingly her claim for gender discrimination must be dismissed.

4. That Defendant called Plaintiff's counsel on June 9, 2010, to ascertain whether the motion would be opposed, pursuant to W.D. Mich. L.R. 7.1(d).  Plaintiff's counsel was unavailable to discuss as he was in all day depositions.

WHEREFORE, Defendant WLAA respectfully submits this Court must grant its motion for summary judgment and dismiss Plaintiff's complaint with prejudice.

Dated  June 9, 2010                           Respectfully submitted,

PLUNKETT COONEY


By:_____/s/ Robert A. Callahan_____
Robert A. Callahan (P47600)
Attorney for Defendant
950 Trade Centre Way, Suite 310
Kalamazoo, MI  49002
**Direct Dial:  269/226-8856**

Branches.00560.92390.1989079-1

2