UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EMILY C. KROLL,

      Plaintiff,

v.                                                     Case No. 1:09-CV-626

WHITE LAKE AMBULANCE                HON. GORDON J. QUIST
AUTHORITY,

      Defendant.
_____/

**MEMORANDUM ORDER**

Plaintiff has filed a motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the August 19, 2010, Order granting Defendant's motion for summary judgment and dismissing Plaintiff's complaint with prejudice. A motion to alter or amend "may be granted to correct a clear error of law; to account for newly discovered evidence or an intervening change in the law; or to otherwise prevent manifest injustice." *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Plaintiff states that she brings her motion to correct a clear error of law and to prevent manifest injustice.

In its August 19, 2010, Opinion, the Court concluded that Plaintiff's claim fails because counseling does not constitute a medical examination under the Americans with Disabilities Act. This Court reasoned:

> In this case, nothing in the record suggests that the counseling WLAA required Kroll to attend would have involved or required psychological testing. In addition, no evidence shows that any results, findings, or other information derived from testing or evaluation would have been furnished to WLAA. While WLAA did ask Kroll to sigh a release, it was only for the limited purpose of verifying that Kroll was actually attending counseling and not, as Kroll suggests, to obtain "records of treatment." (Pl.'s Br. Opp'n Def.'s Mot. at 14.) Moreover, while counseling satisfies the first factor listed in the EEOC Enforcement Guidance because it is

> normally conducted by a mental health care professional, none of the other six factors applies to counseling, primarily because it does not involve testing. Under these circumstances, the counseling or therapy did not constitute a medical examination.

(8/19/10 Op. at 8.)

Kroll first argues that the Court failed to consider cases she contends are closely analogous to the circumstances in this case. The cases Kroll cites, however, are materially different from this case. In *Barnes v. Cochran*, 944 F. Supp. 897 (S.D. Fla. 1996), the plaintiff, a rejected applicant for a corrections deputy position, was required to submit to a pre-employment psychological evaluation. *Id.* at 901, 904-905. There is no evidence in this case that Kroll was required to submit to a psychological examination. Instead, as set forth in the Court's August 19 Opinion, WLAA merely required her to attend counseling. *Borgus v. SmithKline Beecham Corp.*, No. 02-CV-6472, 2004 WL 2095534 (W.D.N.Y. Sept. 20, 2004), is likewise distinguishable from the instant case because the plaintiff in *Borgus* was required to sign an extensive treatment agreement requiring the plaintiff to submit to medication management, attend regular psychotherapy sessions, sign releases for providers to furnish all treatment information to the employer's medical representative, and, upon completion of the treatment, submit to a reevaluation by an independent provider selected by the employer. *Id.* at 2. Moreover, cases that Kroll cites in which the Minnesota Multiphasic Personality Inventory (MMPI) was administered are irrelevant, as there is no evidence that WLAA required that Kroll submit to the MMPI in connection with the counseling or that the therapist would have used it or any other type of testing. The fact that Dr. Auffrey administered the MMPI and other tests to Kroll as part of the court-ordered psychological examination in this case is irrelevant. Kroll fails to present any evidence that the counseling WLAA required her to attend would have been similar to the court-ordered psychological evaluation.

Kroll also suggests that the Court erred in citing *Jaques v. Herbert*, 447 F. Supp. 2d 858 (N.D. Ohio 2006), because there was no evidence in *Jaques* that the substance abuse program at issue involved a psychological examination or treatment and no results were to be reported back to the employer. Kroll also points out that the plaintiff in *Jaques* was a participant in a voluntary Employee Assistance Program, which are exempted from the medical examination restrictions under the ADA, while Kroll was not a voluntary participant in such a program. Nonetheless, this Court cited *Jaques* because the court's observations in that case are also true in this case: there is simply no evidence in the record that the counseling would have involved the assessment of Kroll's psychological condition or the reporting of such information back to WLAA.

Kroll also asserts that the record supports her contention that WLAA expected the mental health provider with whom Kroll was to meet to investigate whether Kroll was a person with a disability, but this is not true. In fact, the only evidence in the record is that Kroll was to attend mental health counseling, (Dresen Dep. at 35-38), and not testing, and Kroll consistently affirmed this in her response. (Pl.'s Br. Opp'n Def.'s Mot. at 5.) Contrary to Kroll's suggestion, the evidence does not permit a reasonable inference that the counseling would have included psychological testing or evaluation. On this record, Kroll's suggestion is pure speculation and requires an assumption that mental health counseling always includes testing or evaluation. Yet, Kroll provides no evidentiary basis, including expert testimony, to support this inference.[1] Moreover, the fact that Binns told Kroll to see him when she completed the counseling says nothing about whether test results or information obtained by the counselor would have been reported to WLAA.

---

[1] Kroll states that "it was premature for the court to make a ruling with regard to what would have transpired with the testing as defendant presented no evidence regarding what the counselor would or would not have done as part of the counseling regime." However, it was Kroll's burden to present such evidence, if it were available. Furthermore, Kroll cannot claim that she had no indication that this was an issue, as WLAA raised it in its opening brief.

3

Finally, for purposes of clarification, in its August 19 Opinion the Court stated that the counseling Kroll was required to attend satisfied only the first factor listed in the EEOC Enforcement Guidance because counseling is normally conducted by a mental health professional. However, given that the first factor, like the others, requires or assumes the administration of a "test," not even that factor can be said to apply to counseling. Thus, none of the factors identified by the EEOC actually supports Kroll's claim that WLAA required her to submit to a medical examination.

Accordingly, because the Court finds no clear error or law or manifest injustice in its August 19, 2010, Order,

**IT IS HEREBY ORDERED** that Plaintiff's Motion To Alter Or Amend Judgment (docket no. 59) is **DENIED**.


Dated: September 20, 2010                             /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE